| | |
|---|---|
| 1  ALAYNE M. OPIE<br>   (Nevada Bar No. 12623)<br>2  GREENBERG TRAURIG, LLP<br>   3773 Howard Hughes Parkway, Suite 400 North<br>3  Las Vegas, NV 89169<br>   Telephone: (702) 792-3773<br>4  Facsimile: (702) 792-9002<br>   opiea@gtlaw.com<br>5<br>   TYLER R. ANDREWS<br>6  (Nevada Bar No. 9499)<br>   GREENBERG TRAURIG, LLP<br>7  3161 Michelson Drive, Suite 1000<br>   Irvine, CA 92612<br>8  Telephone: (949) 732-6500<br>   Facsimile: (949) 732-6501<br>9  andrewst@gtlaw.com<br>10 STEPHEN E. PAFFRATH<br>   *(Admitted Pro Hac Vice)*<br>11 GREENBERG TRAURIG, LLP<br>   1201 K Street, Suite 1100<br>12 Sacramento, CA 95814<br>   Telephone: (916) 442-1111<br>13 Facsimile: (916) 448-1709<br>   paffraths@gtlaw.com |  |

14

Attorneys for Plaintiffs CHIOKE GADSDEN and NATHAN PETERSON

15

(Defendants' Counsel listed on signature page.)

16

17                            UNITED STATES DISTRICT COURT

18                                    DISTRICT OF NEVADA

| | |
|---|---|
| 19  CHIOKE GADSDEN and<br>     NATHAN PETERSON,<br>20<br>                   Plaintiffs,<br>21   vs.<br>22<br>     TARA CARPENTER, et al.,<br>23<br>                   Defendants. | CASE NO. 3:12-cv-00098-ECR-(VPC)<br><br>**AMENDED STIPULATED PROTECTIVE ORDER** |

24

25

26

27

28

1. **PURPOSES AND LIMITATIONS**[1]

Disclosure and discovery activity in this action are likely to involve production of confidential and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this or related litigation may be warranted.

Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2. **DEFINITIONS**

2.1. **Challenging Party**: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2. **Designating Party**: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.3. **Disclosure or Discovery Material**: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.4. **Expert**: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.5. **Confidential Information**: In providing or revealing discovery materials, any party ("Producing Party") may designate as "CONFIDENTIAL" all or part of any such materials that constitute trade secrets, proprietary data, marketing information, financial information, and/or similar commercially sensitive business information of the type contemplated by Rule

---

[1] The Parties in this Amended Stipulated Protective Order have revised Sections 4, 14.3 and 14.4 of the previously submitted Stipulated Protective Order based upon concerns raised by the Court in *DeBarr v. Carpenter, et al.*, USDC Nevada Case No. 3:12-cv-00039-LRH-WGC, to those sections in an identical stipulated protective order.

- 2 -

26(c) of the Federal Rules of Civil Procedure. The designating party must have good faith basis, in law and in fact, to believe that the designated material is in fact confidential or that unprotected disclosures might result in economic or competitive injury. The designated material must not be publicly known and must not be ascertainable from an inspection of publicly available documents, materials or devices.

The parties may further designate certain discovery materials of a highly confidential and/or proprietary nature as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.6 **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items**: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of harm that could not be avoided by less restrictive means. Information designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY cannot be shared with the attorneys' clients, including parties to this action, unless and until this Court issues a Court Order specifically permitting its view by the particular party or parties named in any such order that may be entered.

2.7 **Non-Party**: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.8 **Party**: any party to this action, including their Counsel (and their support staffs).

2.9 **Producing Party**: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.10 **Professional Vendors**: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.11 **Protected Material**: any Disclosure or Discovery Material that is designated as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.12 **Receiving Party**: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is properly in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of permitted publication not involving a violation of this Order; and (b) any information properly known and within the Receiving Party's possession prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. This provision does not connote that the Court will continue to exercise jurisdiction over this matter post-dismissal.

5. **DESIGNATING PROTECTED MATERIAL**

   5.1 **Exercise of Restraint and Care in Designating Material for Protection.**

Each Party or Non-Party that designates information or items for protection under this Order as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of

1  material, documents, items, or oral or written communications that qualify – so that other
2  portions of the material, documents, items, or communications for which protection is not
3  warranted are not swept unjustifiably within the ambit of this Order. If it comes to a Designating
4  Party's attention that information or items that it designated for protection do not qualify for
5  protection that Designating Party must promptly notify all other Parties that it is withdrawing the
6  mistaken designation.

     5.2    **Manner and Timing of Designations.**

Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

     5.2.1    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party will affix either the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix either the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to each page that contains Protected Material. If only a portion or portions of the

1 material on a page qualifies for protection, the Producing Party also must clearly identify
2 the protected portion(s) (e.g., by making appropriate markings in the margins).
3       5.2.2   for testimony given in deposition or in other pretrial or trial proceedings,
4 that the Designating Party identify on the record, before the close of the deposition,
5 hearing, or other proceeding, all protected testimony.
6       5.2.3   for information produced in some form other than documentary and for
7 any other tangible items, that the Producing Party affix in a prominent place on the
8 exterior of the container or containers in which the information or item is stored the
9 legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
10 ONLY." If only a portion or portions of the information or item warrant protection, the
11 Producing Party, to the extent practicable, shall identify the protected portion(s).
12    5.3   **Inadvertent Failures to Designate.**
13       If timely corrected, an inadvertent failure to designate qualified information or items does
14 not, standing alone, waive the Designating Party's right to secure protection under this Order for
15 such material. Upon timely correction of a designation, the Receiving Party must make
16 reasonable efforts to assure that the material is treated in accordance with the provisions of this
17 Order.
18 **6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS**
19    6.1   **Timing of Challenges.**
20       Any Party or Non-Party may challenge a designation of confidentiality at any time. A
21 Party does not waive its right to challenge a confidentiality designation by electing not to mount a
22 challenge promptly after the original designation is disclosed.
23    6.2   **Meet and Confer.**
24       The Challenging Party shall initiate the dispute resolution process by providing written
25 notice of each designation it is challenging and describing the basis for each challenge. To avoid
26 ambiguity as to whether a challenge has been made, the written notice must recite that the
27 challenge to confidentiality is being made in accordance with this specific paragraph of the
28 Protective Order. The parties shall attempt to resolve each challenge in good faith and must

1 begin the process by conferring within 14 days of the date of service of notice. In conferring, the
2 Challenging Party must explain the basis for its belief that the confidentiality designation was not
3 proper and must give the Designating Party an opportunity to review the designated material, to
4 reconsider the circumstances, and, if no change in designation is offered, to explain the basis for
5 the chosen designation. A Challenging Party may proceed to the next stage of the challenge
6 process only if it has engaged in this meet and confer process first or establishes that the
7 Designating Party is unwilling to participate in the meet and confer process in a timely manner.

      6.3    **Judicial Intervention.**

9 If the Parties cannot resolve a challenge without court intervention, the Designating Party
10 shall file and serve a motion to retain confidentiality within 21 days of the initial notice of
11 challenge or within 14 days of the parties agreeing that the meet and confer process will not
12 resolve their dispute, whichever is earlier. Each such motion must be accompanied by a
13 competent declaration affirming that the movant has complied with the meet and confer
14 requirements imposed in the preceding paragraph. Failure by the Designating Party to make such
15 a motion including the required declaration within 21 days (or 14 days, if applicable) shall
16 automatically waive the confidentiality designation for each challenged designation. In addition,
17 the Challenging Party may file a motion challenging a confidentiality designation at any time if
18 there is good cause for doing so, including a challenge to the designation of a deposition
19 transcript or any portions thereof. Any motion brought pursuant to this provision must be
20 accompanied by a competent declaration affirming that the movant has complied with the meet
21 and confer requirements imposed by the preceding paragraph.

22 The burden of persuasion in any such challenge proceeding shall be on the Designating
23 Party. Unless the Designating Party has waived the confidentiality designation by failing to file a
24 motion to retain confidentiality as described above, all parties shall continue to afford the
25 material in question the level of protection to which it is entitled under the Producing Party's
26 designation until the court rules on the challenge.

27 **7.    ACCESS TO AND USE OF PROTECTED MATERIAL**
28       7.1    **Basic Principles.**

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation or related litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 16 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

### 7.2 Disclosure of "Confidential" Information.

Confidential Information produced pursuant to this Protective order and designated as "CONFIDENTIAL" may be disclosed or made available only to the persons designated below:

(a) the Court and its personnel under seal as further described below in Section 12.3;

(b) counsel of Record to Plaintiff and Defendants, including partners and associates who assist them in this matter, and the paralegals, clerical and secretarial staff employed by such counsel;

(c) the Named Parties to the litigation who have executed an acknowledgement and agreement as set forth in Exhibit 1 to abide by this Order and employees, officers, directors and in-house counsel for the parties who need access to the material designated Confidential to assist counsel in the litigation, as well as secretarial and clerical personnel who work regularly with such person;

(d) court reporters and videographers;

(e) non-party experts or consultants who have executed an acknowledgment and agreement as set forth in Exhibit 1 to abide by this Order, including their secretarial and clerical personnel retained to assist counsel of record in this case who have agreed to be bound by this Order;

(f) any bona fide potential or actual witness (and any counsel of such witness), provided that counsel herein reasonably believe that the witness has relevant knowledge about

1         the creation, distribution or maintenance of the particular Confidential Information to
2         be disclosed, or about the facts contained therein;
3     (g) members of the jury in this case;
4     (h) employees of independent copy services, printers or illustrators, for the
5         sole purpose of making copies of documents and exhibits to be used in this litigation;
6     (i) such other persons as Plaintiff and Defendants may agree upon in
7 writing; and
8     (j) such other persons as the Court may order upon application of Plaintiff or
9 Defendants.

Any person to whom Confidential Information is disclosed pursuant to subparts (b) through (f) and (h) through (j) shall be advised that the Confidential Information is being disclosed pursuant to an Order of the Court, that the information may not be disclosed to any other person not permitted to have access to the Confidential Information pursuant to this Stipulation and Order, and that any violation of this Stipulation and Order may result in the imposition of such sanctions as the Court deems proper.

    7.3    **Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.**

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may not disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to their client, a party, or non-party, with the exception that the following individuals may be provided reasonable and limited access to the designated information: :

    (a) the Receiving Party's Counsel, as well as employees of said Counsel to whom it is
        reasonably necessary to disclose the information for this litigation;
    (b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is
        reasonably necessary for this litigation and who have signed the "Acknowledgment
        and Agreement to Be Bound" (Exhibit A);
    (c) the Court and its personnel under seal as further described below in Section 12.3 ;

(d) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise properly possesses or knows the information.

Any person to whom Confidential Information is disclosed pursuant to subparts (b) through (e) and (g) through (i) shall be advised that the Confidential Information is being disclosed pursuant to an Order of the Court, that the information may not be disclosed to any other person not permitted to have access to the Confidential Information pursuant to this Stipulation and Order, and that any violation of this Stipulation and Order may result in the imposition of such sanctions as the Court deems proper.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a

1  determination by the court from which the subpoena or order issued, unless the Party has
2  obtained the Designating Party's permission. The Designating Party shall bear the burden and
3  expense of seeking protection in that court of its confidential material – and nothing in these
4  provisions should be construed as authorizing or encouraging a Receiving Party in this action to
5  disobey a lawful directive from another court. The Designating Party shall not bear the burden
6  and expense of the Receiving Party who may oppose the Designating Party's designation of
7  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"
8  information.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

9.1  The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c) make the information requested available for inspection by the Non-Party.

9.3  If the Non-Party fails to object or seek a protective order from this court within 14 days of the notice, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to

1  the confidentiality agreement with the Non-Party before a determination by the court. Absent a
2  court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection
3  in this court of its Protected Material.
4        The purpose of this provision is to alert the interested parties to the existence of
5  confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its
6  confidentiality interests in this court.
7  **10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**
8        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected
9  Material to any person or in any circumstance not authorized under this Stipulated Protective
10 Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the
11 unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the
12 Protected Material, (c) inform the person or persons to whom unauthorized disclosures were
13 made of all the terms of this Order, and (d) when applicable, request such person or persons to
14 execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.
15 **11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**
16 **PROTECTED MATERIAL**
17       When a Producing Party gives notice to a Receiving Party that certain inadvertently
18 produced material is subject to a claim of privilege or other protection, the Receiving Party must
19 promptly return or destroy said material, and may not use said material in any manner.  Such
20 inadvertent production shall not be deemed a waiver of privilege or other applicable protection.
21 **12.   NO WAIVER REGARDING CONFIDENTIAL NATURE OF INFORMATION.**
22       This Stipulation and Order is entered solely for the purpose of facilitating the exchange of
23 documents and information among the parties to this action without involving the Court
24 unnecessarily in the process. Nothing in this Stipulation and Order nor the production of any
25 information or document under the terms of this Stipulation and Order, nor any proceeding
26 pursuant to this Stipulation and Order, shall be deemed (i) to have the effect of an admission or
27 waiver by either party of the confidentiality or non-confidentiality of any materials; (ii) to alter
28 the confidentiality or the non-confidentiality of any such document or information; (iii) to alter

any existing obligation of any party or the absence thereof; or (iv) to affect in any way the authenticity or admissibility of any document, testimony, or other evidence at trial. Entry of this Stipulation and Order does not preclude any party from seeking or opposing additional protection for particular information.

13. **INADVERTENT FAILURE TO DESIGNATE.**

The inadvertent failure of a Producing Party to designate discovery materials as Confidential Information shall not be deemed, by itself, to be a waiver of the party's or non-party's rights to so designate such discovery materials. Immediately upon learning of any such inadvertent failure, the Producing Party shall notify all receiving parties of such inadvertent failure and take such other steps as necessary to correct such failure after becoming aware of it. In addition, the Receiving party, upon receipt of any information that the Receiving Party should reasonably believe to have been inadvertently produced without the appropriate confidential designation, should immediately notify the Producing Party so that the Producing may take such other steps as necessary to correct the inadvertent disclosure.

14. **MISCELLANOUS**

    14.1 **Right to Further Relief.**

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    14.2 **Right to Assert Other Objections.**

By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

    14.3 **Filing of "CONFIDENTIAL" Information or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information with the Court.**

Any party intending to file with the Court materials designated by any party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("Protected Materials") (including transcripts of depositions or portions thereof, documents

1   produced in discovery, information obtained from inspection of premises or things, answers to
2   interrogatories or requests for admissions, exhibits and all other documents that have previously
3   been designated as containing Confidential Information, or any pleading or memorandum
4   reproducing or containing such information) shall provide reasonable notice of such intent prior
5   to such filing. If the party filing the Protected Materials with the Court is the Designating Party
6   for the Protected Materials, the party shall submit them for filing under seal with an
7   accompanying motion for leave to file under seal consistent with Local Rule IA 10-5(a):

> Unless otherwise permitted by statute, rule, or prior court order, papers filed with the court under seal must be accompanied by a motion for leave to file those documents under seal. If papers are filed under seal under prior court order, the papers must state on the first page, directly under the case number: "FILED UNDER SEAL UNDER COURT ORDER (ECF No. ___)." All papers filed under seal will remain sealed until the court either denies the motion to seal or enters an order unsealing them.

13   If the party filing the Protected Materials with the Court is not the Designating Party for
14   the Protected Materials, unless written permission to file the documents is obtained from the
15   Designating Party, the party shall submit them for filing under seal consistent with Local Rule IA
16   10-5(a) with a statement on the first page, directly under the case number: "FILED UNDER
17   SEAL UNDER COURT ORDER (ECF No.   ) MOTION FOR LEAVE TO FOLLOW." The
18   Parties will then have five (5) days to provide the Court with either a Joint Motion or Stipulation,
19   or alternatively, the Designating Party shall have five days, from the days from service of the
20   documents to file with the Court a motion to seal the Protected Materials. If no such motion is
21   filed, the Court shall unseal the documents.
22   Any motions to seal documents must establish that there is "compelling reason" for the
23   sealing and otherwise meets the standards for sealing identified in *Kamakana v. City and County*
24   *of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and *Center for Auto Safety v. Chrysler Group, LLC*,
25   809 F.3d 1092, 1097 (9th Cir. 2016). If the Court determines the request to seal documents does
26   not meet such standards, the documents shall be unsealed.
27   Further, pursuant to Local Rule IA 10-5(d), documents filed under seal in this case must
28   be served in accordance with Local Rule IC 4-1(c).

1  In the event that any Confidential Information is used in any pretrial Court proceeding in
2  this action, it shall not lose its confidential status throughout such use. The party using such
3  Confidential Information shall take all reasonable steps to maintain its confidentiality during such
4  use, including, without limitation, requesting that the Court seal any transcript with respect to
5  such proceeding. Nothing in this Stipulation and Order, or designations of confidentiality
6  hereunder, shall in any way affect the treatment of Confidential Information at the trial of this
7  action. Within thirty (30) days after the conclusion of discovery, the parties shall confer and, if
8  necessary, submit appropriate motions to the Court setting forth their positions as to the treatment
9  at trial of Confidential Information.

10      14.4  **Order Survives Termination.**

11  This Stipulation and Order shall survive termination of this action. Counsel for the parties
12  are responsible for retrieving from their retained experts and consultants all confidential materials
13  and returning or destroying them, and for assuring that their retained experts and consultants do
14  not keep any copies. In lieu of having such materials returned, such counsel shall secure a written
15  confirmation from their retained expert and consultants that such materials have been destroyed.

16  **15.  FINAL DISPOSITION.**

17  Within 60 days after the final disposition of this action, as defined in paragraph 4, each
18  Receiving Party must return all Protected Material to the Producing Party or destroy such
19  material. As used in this subdivision, "all Protected Material" includes all copies, abstracts,
20  compilations, summaries, and any other format reproducing or capturing any of the Protected
21  Material. Whether the Protected Material is returned or destroyed, the Receiving Party must
22  submit a written certification to the Producing Party (and, if not the same person or entity, to the
23  Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all
24  the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has
25  not retained any copies, abstracts, compilations, summaries or any other format reproducing or
26  capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to
27  retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,
28  legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

1 product, and consultant and expert work product, even if such materials contain Protected
2 Material. Any such archival copies that contain or constitute Protected Material remain subject to
3 this Protective Order as set forth in Section 4 (DURATION).
4 **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**
5 Dated: November 17, 2016         GREENBERG TRAURIG, LLP

By: /s/Stephen E. Paffrath
ALAYNE M. OPIE (NV Bar No. 12623)
TYLER R. ANDREWS (NV Bar No. 9499)
STEPHEN E. PAFFRATH (*Admitted Pro Hac Vice*)
Attorneys for Plaintiffs
CHIOKE GADSDEN and NATHAN PETERSON

Dated: November 17, 2016         ADAM PAUL LAXALT
                                 Nevada Attorney General

By: /s/D. Randall Gilmer
D. RANDALL GILMER
Deputy Attorney General
Nevada Bar No. 14001C
Attorneys for Defendants

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**
Dated: _____, 2016

By: _____
United States Magistrate Judge

- 16 -

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of November, 2016, a true and correct copy of the foregoing **STIPULATED PROTECTIVE ORDER** was filed and served via the United States District Court's ECF System to the party as listed below:

D. Randall Gilmer
Deputy Attorney General
State of Nevada, Office of the Attorney General
555 E. Washington Ave., Suite 3900
Las Vegas, NV 89101
Email: drgilmer@ag.nv.gov

/s/Marlene Celis
An employee of Greenberg Traurig, LLP