UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

CHIOKE GADSDEN and NATHAN PETERSON,

Plaintiffs,

v.

TARA CARPENTER, *et al.*,

Defendants.

Case No. 3:12-cv-00098-MMD-VPC

ORDER

## I. SUMMARY

The Court previously denied Defendants' motion for leave to file a renewed motion for summary judgment on the issue of qualified immunity ("First Motion"). (ECF No. 131.) Defendants have moved for reconsideration ("Motion"). (ECF No. 137.) Plaintiffs responded (ECF No. 140) and Defendants replied (ECF No. 142). For the reasons discussed below, Defendants' Motion is denied.

## II. DISCUSSION

### A. Reconsideration

A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist.*

*No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005). A motion for reconsideration is thus properly denied when the movant fails to establish any reason justifying relief. *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (holding that a district court properly denied a motion for reconsideration in which the plaintiff presented no arguments that were not already raised in his original motion). Moreover, a district court may decline to consider claims and issues that were not raised until a motion for reconsideration. *Hopkins v. Andaya*, 958 F.2d 881, 889 (9th Cir. 1992). It is not an abuse of discretion to refuse to consider new arguments in a reconsideration motion even though "dire consequences" might result. *Schanen v. United States Dept. of Justice*, 762 F.2d 805, 807-08 (9th Cir. 1985).

Defendants argue that the Court committed clear error in denying them leave to file a motion for summary judgment on the issue of qualified immunity ("Renewed Motion") and that the Court's decision has effectively denied them the opportunity to seek qualified immunity and is therefore manifestly unjust. As support, Defendants recycle some of the same arguments raised in their First Motion.

Defendants contend the Court erred in applying Fed. R. Civ. P. 16(b)(4)'s "good cause" standard to deny their Renewed Motion because deadlines in the Scheduling Order were stale and did not apply after remand.[1] However, Defendants cite to no authority to support their contention. It is obvious that a reversal and remand following an appeal does not automatically restart deadlines in a case. Rather, the case would resume at the point where an appeal was taken, and deadlines in the scheduling order would still control unless the remand order provided otherwise.

///

---

[1] In their First Motion, Defendants argue that their request is not subject to the "good cause" standard because the Court permitted Plaintiffs to conduct discovery on remand and did not set a deadline for dispositive motions or for when Defendants had to seek leave to file a dispositive motion. (ECF No. 111.)

2

Here, the Ninth Circuit reversed the grant of summary judgment and directed that Plaintiffs be allowed to pursue discovery (ECF No. 89 at 4), which resulted in this Court setting the discovery deadline for October 28, 2016.[2] Thus, discovery was re-opened pursuant to the Ninth Circuit's ruling, but the other deadlines in the Scheduling Order remained unchanged. In fact, but for the Ninth Circuit's direction to allow Plaintiffs to obtain discovery, this case would have proceeded directly to trial following remand.

Defendants argue that even if the "good cause" standard applies, they have demonstrated good cause to support their First Motion for several reasons. Defendants contend that, because the Court did not set a deadline for dispositive motions or for when to seek leave to file such motion, they filed their First Motion the same day they filed their motion for summary judgment on qualified immunity in a similar case, *Debarr v. Clark,* Case No. 3:12-cv-00039-LRH-WGC. However, the Court fails to understand how Defendants' self-selected deadline of filing their First Motion by the dispositive motion deadline set in *Debarr* demonstrates good cause. This case and *Debarr* are dissimilar in procedural posture; the filing of the dispositive motion in *Debarr* complied with the dispositive motion deadline set in that case. In contrast, at the July 19, 2016, status conference in this case, the Court denied Defendants' initial request to file a renewed motion and set the trial for January 23, 2017. (ECF No. 100.) Yet, Defendants waited until December 12, 2016, approximately six weeks before the start of trial, to file their First Motion. (ECF No. 111.) Such delay alone demonstrates a lack of diligence and a disregard of the trial setting.

In denying the First Motion, the Court found that "the fact that discovery was allowed on remand is irrelevant to the deadline for filing dispositive motions because Defendants are not contending that discovery clarified the issues to be raised in the Renewed Motion or that they could not have filed such a motion without completion of

---

[2]The parties apparently agreed to leave open one deposition and allowed Plaintiffs' counsel until the end of November to decide whether to reopen that deposition. (ECF No. 127-2; ECF No. 140 at 5.)

3

additional discovery." (ECF No. 131 at 2.) Defendants now assert that the Renewed Motion referenced "the information gleaned during the second round of discovery." (ECF No. 137 at 8.) However, in the First Motion, Defendants did not argue that the Renewed Motion is based even in part on the additional discovery. Therefore, the Court need not consider this new contention. *See Hopkins v*, 958 F.2d at 889. Even setting aside the timing, the argument lacks support in the record. Defendants assert that the decision not to seek summary judgment on qualified immunity within the deadline in the Scheduling Order was "tactical." (ECF No. 137 at 12-13.) As Plaintiffs correctly pointed out, Defendants' counsel informed the Court that they anticipated filing their Renewed Motion at the July 19, 2016, status conference before any additional discovery had been conducted. (ECF No. 140 at 5.)

Defendants' argument that the denial of the First Motion was manifestly unjust because they were denied the well-established right to pursue qualified immunity ignores the procedural history of this case. Defendants chose as a matter of strategy not to pursue qualified immunity when they filed their first motion for summary judgment. Under Defendants' view of justice, they should be able to pursue piecemeal summary judgment motions regardless of the deadlines established in the Scheduling Order. For example, if summary judgment on the merits had been denied, Defendants should then be permitted to file a renewed motion seeking summary judgment on qualified immunity after the dispositive motions deadline. Permitting Defendants to file a Renewed Motion at this stage, particularly in the context of a bench trial, would only result in further delays in the final resolution of this case and needlessly consume judicial resources.[3] Moreover,

///

---

[3]Defendants contend that if this case is tried the expenses "associated with this case will be exponentially increased." (ECF No. 137 at 9.) For instance, Defendants offer the associated costs of travel required to bring counsel and some parties who are from out of town to Reno. (*Id.*) Defendants suggest that the Renewed Motion may be briefed and decided before the August trial date and would therefore avoid a potentially costly trial. (*Id.*10.) The Court acknowledges and appreciates the expenses involved in travel and in any trial, but Defendants fail to appreciate the Court's case load and the hundreds of motions currently pending and filed before Defendants' Motion.

4

Defendants will have the opportunity to seek judgment as a matter of law at the close of the evidence phase of the bench trial.

Finally, as the Court explained in exercising its discretion to deny Defendants' First Motion, the Court did peruse the Renewed Motion and while it will not address Defendants' arguments on the merits, the Renewed Motion "appears to present these facts as undisputed and then presents the issue of qualified immunity based upon these purported undisputed facts."[4] (ECF No. 131 at 3-4.) In light of this observation, entertaining the Renewed Motion would only result in further unnecessary delays and consume judicial resources.

### B. Certification

A district court may certify any interlocutory order for appeal to the circuit court if the order involves a controlling question of law as to which there is substantial ground for difference of opinion and where immediate appeal of the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). Section 1292(b) should be used only in exceptional situations where an interlocutory appeal avoids protracted and expensive litigation. *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir.1981). Defendants have failed to show that the Court's exercise of discretion to deny Defendants' successive dispositive motions after expiration of the dispositive motions deadline implicates a controlling question of law to which there is substantial ground for difference of opinion. The Court thus denies Defendants' certification request.

///

---

[4] Defendants assert that the Renewed Motion "argued that based on the information gleaned during the second round of discovery, Plaintiffs 'failed to provide any evidence that [they] or the other inmates were retaliated against due to their religious beliefs or that the actions undertaken by Defendants had anything to do with preventing them from exercising their religion.'" (ECF No. 137 at 7-8.) However, in reversing the grant of summary judgment on the merits, the Ninth Circuit found that, viewing the evidence in the light most favorable to Plaintiffs, Plaintiffs have demonstrated a genuine issue of material fact as to whether they were retaliated against for exercising their First Amendment rights after they properly utilized AR 740 to express legitimate concerns. (ECF No. 89 at 2-3.) Defendants' insistence on there being a lack of evidence ignores the Ninth Circuit's ruling.

## III. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion.

It is therefore ordered that Defendants' Motion for Reconsideration (ECF No. 137) is denied.

DATED THIS 10th day of May 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE