UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

CHIOKE GADSDEN and NATHAN PETERSON,

Plaintiffs,

v.

TARA CARPENTER, *et al.*,

Defendants.

Case No. 3:12-cv-00098-MMD-VPC

ORDER

The Court previously denied Defendants' motion for leave to file a motion for summary judgment on the issue of qualified immunity. (ECF No. 131.) Defendants then sought reconsideration, along with a request for the Court to certify certain "ancillary issues of law" for interlocutory appeal (ECF No. 137), which the Court denied. (ECF No. 143.) Defendants then filed a notice of appeal and moved to stay proceedings pending Defendants' interlocutory appeal ("Motion"). (ECF No. 147.) The Court has reviewed Plaintiff's response (ECF No. 152) and Defendants' reply (ECF No. 153). For the reasons discussed below, Defendants' Motion is denied.

Defendants' Motion is premised on their erroneous contention that denial of their request to modify the scheduling order to permit the filing of a successive motion for summary judgment on the issue of qualified immunity is tantamount to denial of summary judgment on that issue on the merits. (ECF No. 131 at 2-3; ECF No. 153 at 5 (citing to cases finding that a district court's denial of qualified immunity "is immediately appealable"). Defendants point to the fact the Ninth Circuit Court of Appeals has issued a briefing schedule in their appeal as further support that Defendants' appeal divests this

Court of jurisdiction over this case. But the Notice of Appeal makes the same erroneous contention. The Notice of Appeal characterized the effect of the Court's January 26, 2017 order as the Court "denying Defendants' request for dismissal based on qualified immunity as a matter of law." (ECF No. 146.) The two orders dated January 26, 2017 and May 10, 2017 addressed Defendants' request to modify the scheduling order to grant leave to file a motion for summary judgment after the filing deadline; they did not address the substance of the proposed motion for summary judgment (i.e., qualified immunity) on the merits. (ECF Nos. 131, 143.)

"[T]he filing of a notice of interlocutory appeal divests the district court of jurisdiction over the particular issues involved in that appeal." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper,* 254 F.3d 882, 885 (9th Cir. 2001). The Court thus lacks jurisdiction to address the issues involved in the Notice of Appeal—the Court's January 26, 2017 and May 10, 2017 orders denying leave to file a motion for summary judgment. Defendants' appeal would not affect the Court's jurisdiction to address other aspects of this case, including proceeding with trial on the merits and considering qualified immunity as a matter of law during the course of the bench trial.

The Court agrees with Plaintiff that the balance of equities weighs against a stay of the case, particularly given the age of this case and Defendants' tactical decision not to move for summary judgment on the issue of qualified immunity within the established deadline.

For these reasons, Defendants' motion to stay (ECF No. 147) is denied.

DATED THIS 3rd day of July 2017.

	MIRANDA M. DU
	UNITED STATES DISTRICT JUDGE